Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| MARY I. RODRÍGUEZ LÓPEZ Y OTROS<br><br>Demandantes-Recurridos<br><br>Vs.<br><br>MIGUEL J. CUADRADO CINTRÓN Y OTROS<br><br>Demandados-Peticionarios | KLCE202300316 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2022CV05454<br>Sala: 503<br><br>SOBRE: DAÑOS Y PERJUICIOS |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de abril de 2023.

El 28 de marzo de 2023, Universal Insurance Company (Universal), MJC Contractor Services Corp (MJC) y Miguel J. Cuadrado Cintrón (en conjunto, los peticionarios) comparecieron ante nos mediante un *Escrito de Certiorari* y solicitaron la revisión de una *Resolución* que se dictó y notificó el 13 de marzo de 2023 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar las mociones de desestimación que presentaron los peticionarios.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

I.

El 27 de octubre de 2022, la Sra. Mary I. Rodríguez López (señora Rodríguez), por sí y en representación de su hija, DIFR (en conjunto, parte recurrida) presentó una *Demanda* sobre daños y perjuicios en contra de los peticionarios.[1] En esta, reclamó indemnización por daños por un accidente de tránsito que ella y sus dos hijas sufrieron el 30 de octubre de 2021 en el municipio de Toa

---

[1] Véase, págs. 2-12 del apéndice del recurso.

Alta mientras la fanecida, hija de la Sra. Rodríguez, conducía el vehículo. Específicamente, indicó que fueron violentamente impactadas por el Sr. José Rodríguez Rosa (señor Rodríguez Rosa) que conducía un vehículo de motor perteneciente a MJC. Adujo que le habían notificado que el señor Rodríguez Rosa no era empleado de MJC y que se había apropiado ilegalmente de la camioneta.

Sin embargo, indicó que previamente se le había permitido acceso a dicho conductor al local comercial de MJC y, por ende, este debía tener conocimiento que la compañía acostumbraba a dejar las llaves dentro de las camionetas sin tener a un guardia de seguridad velando por estas. En consecuencia, argumentó que el accidente se debió única y exclusivamente a la negligencia de los peticionarios al no cuidar y proteger su propiedad lo cual hacía previsible y probable que sus camiones pudiesen ser hurtadas. En vista de lo antes expuesto, solicitó indemnización por angustias mentales, lucro cesante y pérdida de ingresos tanto para ella como para su hija, DIFR.

El 1 de noviembre de 2023, Universal presentó su *Contestación a la Demanda.*[2] En esencia, negó la mayoría de las alegaciones de la parte recurrida. Específicamente, destacó que no respondía por el accidente debido a que según surgía de las propias alegaciones de la *Demanda*, un tercero que no había sido incluido como demandado, se apropió ilegalmente del vehículo de motor asegurado que pertenecía a MJC. Así pues, razonó que dicha persona obtuvo la posesión del vehículo sin autorización del dueño y por esa razón, Universal no respondía por los daños causados. Para sostener su contención, señaló que, por estos mismos hechos, el señor Rodríguez Rosa fue acusado criminalmente y luego hizo alegación de culpabilidad en los casos DBD2022G0112-0113 y

---

[2] Íd., págs. 13-31.

DLE2022G0075-0077 por lo cual se encuentra actualmente cumpliendo una condena de reclusión. En vista de lo antes expuesto, argumentó que los daños reclamados se debían única y exclusivamente a la negligencia y actuaciones criminales del señor Rodríguez Rosa.

Posteriormente, el 23 de enero de 2023, Universal presentó una *Solicitud de Desestimación* al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap.V, R. 10.2.[3] En esta, reiteró lo expresado en su alegación responsiva e indicó que la causa próxima del accidente fue el señor Rodríguez Rosa quien hurtó el vehículo de MJC y de manera imprudente y negligente rebasó una luz roja lo cual resultó en el accidente objeto de esta controversia. Planteó que el hecho de que el señor Rodríguez Rosa conducía el vehículo perteneciente a MJC sin autorización de este último, eximía de responsabilidad a MJC y a su aseguradora conforme lo reconoce el Art. 21.01 de la Ley Núm. 22-2000, según enmendada, conocida como *Ley de Vehículos y Tránsito de Puerto Rico*, 9 LPRA sec. 5621. A la luz de lo antes expuesto, insistió que el único responsable por los daños reclamados era el señor Rodríguez Rosa y, en consecuencia, procedía la desestimación solicitada.

Por último, le solicitó al TPI a que tomara conocimiento de los casos DBD2022G0112-0113 y DLE2022G0075-0077 mediante los cuales acusaron criminalmente al señor Rodríguez Rosa por los hechos que dan lugar a la presente controversia. Sostuvo que el Tribunal Supremo ha establecido que los hechos probados en un caso penal, aun cuando no son concluyentes al punto de excluir una re-litigación en la acción civil de daños y perjuicios originada de aquellos, constituyen evidencia *prima facie* de su existencia,

---

[3] Íd., págs. 32-39.

admisible en el pleito civil. Cabe precisar, que Universal incluyó las denuncias y la *Sentencia* de los casos antes descritos.[4]

Así las cosas, el 27 de enero de 2023, MJC y el Sr. Miguel J. Cuadrado Cintrón (señor Cuadrado) presentaron su *Contestación a la Demanda.*[5] En esta, adoptaron los argumentos de Universal y añadieron que, en la alternativa, a pesar de que el señor Cuadrado era el presidente de MJC y, por ende, hacía gestiones en representación del ente corporativo, este no respondía en su carácter personal por las alegaciones contra dicha corporación. Argumentaron que ello se debía a que los entes corporativos tenían personalidad jurídica y patrimonio distinto e independiente a la personalidad y el patrimonio de sus accionista y funcionarios. En consecuencia, sostuvieron que, conforme al Art. 12.04 de la Ley General de Corporaciones de Puerto Rico, era improcedente una causa de acción contra un accionista, representante, oficial o director de una corporación por los actos u omisiones alegados contra esta última.

Ese mismo día, a saber, el 27 de enero de 2023, MJC y el señor Cuadrado presentaron una *Solicitud de Desestimación* al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra.*[6] Mediante dicha solicitud, adoptaron por referencia la moción de desestimación que radicó Universal el 23 de enero de 2023.

En respuesta, el 12 de marzo de 2023, la parte recurrida presentó una *Moción en Oposición a Solicitudes de Desestimación.*[7] Sostuvo que los argumentos planteados por los peticionarios en su solicitud de desestimación estaban sujetos al descubrimiento de prueba y, por consiguiente, la solicitud de desestimación era prematura y arbitraria. Además, resaltó que el ordenamiento

---

[4] Íd., págs. 40-52.
[5] Íd., págs. 53-72.
[6] Íd., págs. 73-82.
[7] Íd., págs. 75-82.

jurídico favorecía la política pública de que los casos se ventilen en sus méritos, protegiendo el derecho de que todo litigante tenga su día en corte. Además, puntualizó que las alegaciones contenidas en la demanda debían ser analizadas de la forma más favorable para la parte demandante y afirmó que la demanda de la presente controversia contenía alegaciones que constituían una reclamación válida.

Particularmente, indicó que el TPI tenía el deber de determinar si en efecto hubo un consentimiento tácito por parte de los peticionarios para el uso del vehículo en los hechos de la demanda. De igual forma, planteó que se tenía que evaluar si las actuaciones u omisiones de la parte peticionaria abonaron a la cadena de eventos que resultó en los daños reclamados. Por último, destacó que el Tribunal Supremo ha establecido que una demanda no deberá ser desestimada, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquier estado de los hechos que puedan ser probados en apoyo a su reclamación.

Evaluadas las posturas de ambas partes, el 13 de marzo de 2023, el TPI emitió y notificó una *Resolución* declarando No Ha Lugar a las mociones de desestimación que presentaron los peticionarios.[8] En desacuerdo con este dictamen, el 28 de marzo de 2023, los peticionarios presentaron el recurso de epígrafe y formularon los señalamientos de error siguientes:

> **Erró el Tribunal de Instancia al declarar No Ha Lugar la Solicitud de Desestimación radicada por Universal Insurance Company, ignorando que José Rodríguez Rosa conducía el vehículo sin autorización de MJC Contractors Services, Corp. y del cual se había apropiado de manera ilegal, conforme al Art. 21.01 de la Ley Núm. 22-2000, según enmendada, la falta de autorización expresa o tácita por parte de MJC Contractors Services, Corp., la eximió de responsabilidad y consecuentemente, a su**

---

[8] Íd., pág. 1.

**aseguradora, Universal Insurance, por los daños reclamados.**

**Erró el Tribunal de Instancia al no desestimar la reclamación instada contra Miguel J. Cuadrado Cintrón quien se le pretende imponer responsabilidad por las alegaciones contra la entidad MJC Contractors Services, Corp.**

Atendido el recurso, el 13 de marzo de 2023, emitimos una *Resolución* al amparo de la Regla 83.1 del Reglamento del Tribunal de Apelaciones concediéndole cinco (5) días a la jueza que atendió el caso en el TPI para que fundamentara su *Resolución* del 13 de marzo de 2023. En cumplimiento con esta orden, la jueza presentó una *Comparecencia Especial en Cumplimiento de Orden* […]. En síntesis, expuso el derecho relacionado a la Regla 10.2 de Procedimiento Civil, *supra,* y expresó que, apenas había comenzado el descubrimiento de prueba entre las partes y en esta etapa de los procesos, el TPI tenía serios reparos en cuanto a si la parte peticionaria mantuvo controles adecuados de seguridad que previnieran la imputación de negligencia que surgen de las alegaciones de la demanda.

Posteriormente, el 3 de abril de 2023, emitimos otra *Resolución* concediéndole diez (10) días a la parte recurrida para presentar su postura. Oportunamente, la parte recurrida presentó una *Oposición a Expedición del Auto de Certiorari* y negó que el TPI hubiese cometido los errores que la parte peticionaria le imputó.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nuestra consideración. *Veamos.*

II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance Comprany of Puerto Rico,* 205

DPR 163, 174 (2020). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág.175. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de

un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

No existe duda de que tratándose de la revisión de una resolución interlocutoria denegando una moción de carácter dispositivo, el *certiorari* es el vehículo adecuado para atender la cuestión planteada. Sin embargo, y a pesar de que este es susceptible de revisión, de conformidad con la Regla 52.1 de Procedimiento Civil, *supra*, determinamos denegar su expedición.

En su primer señalamiento de error, la parte peticionaria, en síntesis, argumentó que el TPI erró al declarar No Ha Lugar la solicitud de desestimación de Universal. Específicamente, sostuvo que, conforme al Art. 21.01 de la Ley Núm. 22-2000, *supra,* la falta de autorización expresa o tácita por parte de MJC para que el señor Rodríguez Rosa condujera el vehículo, la eximió de responsabilidad y consecuentemente, a su aseguradora, Universal por los daños reclamados. Por otro lado, en su segundo señalamiento de error, la parte peticionaria impugna la determinación del TPI de no desestimar la reclamación instada contra del señor Cuadrado toda vez que se le pretende imponer responsabilidad por las alegaciones contra la entidad MJC.

Luego de examinar los argumentos esgrimidos por la parte peticionaria a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir con el dictamen recurrido. Ello, ya que no se configura ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios. Ahora bien, aclaramos que, al culminar el descubrimiento de prueba, la parte peticionaria podrá presentar otra solicitud de desestimación de entenderlo necesario.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones